# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILBERT TURN GILLEY**                                                  **PLAINTIFF**

**V.**                                                           **NO. 4:09CV070-A-S**

**LOLA NELSON, et al.**                                         **DEFENDANTS**

## MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, filed this complaint *pro se* pursuant to 42 U.S.C. § 1983. The Plaintiff complains of a Rule Violation Report ("RVR") he received for threatening an officer and disobeying an order on August 23, 2008. The Plaintiff alleges he was immediately placed in solitary confinement without a hearing. On October 6, 2008, a disciplinary hearing was held and the Plaintiff was found guilty of both RVRs. The Plaintiff claims that the Defendants failed to follow MDOC disciplinary procedures with regard to the timeliness of the disciplinary hearing. The Plaintiff asks for monetary damages for the delay.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984) (citing 28 U.S.C. § 2254(a) (1982)); *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

Despite the Plaintiff's insistence, the constitution has not been implicated by the facts of this case. *Brown v. Felts*, 128 Fed. Appx. 345, 2005 WL 719491 at *1 (5th Cir. Feb. 23, 2005) (placement in administrative detention does not raise a constitutional issue). The Plaintiff was afforded a disciplinary hearing to challenge the RVR, thus meeting the due process requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, "a prison official's failure to follow the prison's own policies, procedures or regulations" does not provide a basis for relief. *Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006); *see also Sharp v. Anderson*, 220 F.3d 587, 2000 WL 960568 at *1 (5th Cir. Jun. 15, 2000) (placement in administrative segregation after being found not guilty of disciplinary charges did not implicate due process concerns). Additionally, inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Accordingly, the Plaintiff has failed to state a claim upon which relief may be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The dismissal of the Plaintiff's frivolous complaint shall count as a "strike" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Mr. Gilley is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this opinion will be entered.

THIS the   20th   day of October, 2009.

　　　　　　　　　　　　　　　　　　　　 /s/ Sharion Aycock
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　　　NORTHERN DISTRICT OF MISSISSIPPI